UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-4195 PA (AGRx) | Date | May 21, 2018 |
| Title | Kwame Brown v. Merrill Lynch Pierce Fenner & Smith Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

None None

**Proceedings:** IN CHAMBERS – COURT ORDER

    Before the Court is a Notice of Removal filed on May 18, 2018, by defendants Merrill Lynch Pierce Fenner & Smith Inc. and Bank of America Corp. (collectively "Defendants"). (Docket No. 1.) Defendants assert that the Court has jurisdiction over this action brought against them and defendant Michelle Marquez ("Marquez") based on diversity of citizenship. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    To invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place she resides with the intent to remain or to which she intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

    Here, in an effort to establish Plaintiff's citizenship, the Notice of Removal states only that "Plaintiff alleges that he is a resident of the State of Georgia." (Notice of Removal ¶ 18 (citing Compl. ¶ 1).) Similarly, the Notice of Removal provides that "Marquez is alleged to be an individual residing in the County of Los Angeles, California." (Id. ¶ 21 (citing Compl. ¶ 3).) However, a person's residence is not the same as his domicile, so these allegations of residence do not establish the citizenship of Plaintiff

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4195 PA (AGRx) | Date | May 21, 2018 |
|---|---|---|---|
| Title | Kwame Brown v. Merrill Lynch Pierce Fenner & Smith Inc., et al. | | |

or Marquez. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Id. Therefore, the Notice of Removal does not establish the citizenship of Plaintiff or Marquez, and Defendants have failed to demonstrate that complete diversity exists.

Because Defendants have not established complete diversity, they have failed to meet their burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC705774. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.